# EXHIBIT B

**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
3801 UNIVERSITY AVENUE, SUITE 700
RIVERSIDE, CALIFORNIA 92501
951-276-6346

**CUAUHTEMOC ORTEGA**
*Federal Public Defender*
**AMY M. KARLIN**
*Chief Deputy*
**C. PAMELA GÓMEZ**
*Capital Habeas Chief*
**LISA LABARRE**
*Los Angeles Trial Chief*

**KELLEY MUNOZ**
*Santa Ana Branch Chief*
**YOUNG J. KIM**
*Riverside Branch Chief*
**MARGARET A. FARRAND**
*Appeals Chief*
**JONATHAN C. AMINOFF**
*Non-Capital Habeas Chief*
**NEHA CHRISTERNA**
*Collaborative Courts Chief*

November 20, 2025

**Via E-mail**
Patrick Kibbe
Assistant U.S. Attorney
312 N. Spring Street, Suite 1200
Los Angeles, CA 90012
Patrick.Kibbe@usdoj.gov

Re: U.S. v. Carlos Jimenez, 5:25-CR-00366-KK
SECOND REQUEST FOR DISCOVERY

Dear Mr. Kibbe:

This letter constitutes a specific request for additional discovery that was not contained in the productions received by defense counsel to date. Defendant requests the following discoverable information. Please consider this request to be a continuing one. *See* Fed.R.Crim.P.16(C). The defense request production of this material before the start of the scheduled post-indictment arraignment. My specific requests are as follows:

## I. EVIDENCE FROM THE CITY OF ONTARIO, THE ONTARIO POLICE DEPARTMENT, AND THE COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT.

Pursuant to Federal Rule of Criminal Procedure 16 and any other applicable authority, including the obligations to disclose relevant and potentially exculpatory material, please produce the following in the possession, custody, or control of the City of Ontario, the Ontario Police Department, or the County of San Bernardino Sheriff's Department :

a. Any and all video surveillance recordings, including but not limited to body worn camera recordings, MVARs, belt recordings, patrol vehicle recordings, unmanned aerial system or drone recordings, and recordings from any fixed or mobile cameras or monitoring systems maintained or accessed by the City of Ontario, Ontario Police Department or the County of San Bernardino Sherriff's Department, that depict:
   (i) Mr. Carlos Jimenez;
   (ii) The incident at issue;
   (iii) The Honda Accord that was stopped by federal agents;
   (iv) The three occupants of the Honda Accord, including any interactions with federal or local law enforcement;
   (v) Any related law enforcement response; and
   (vi) Any demonstrations, protests, or crowd activity related to the incident.

   The recordings described above should include any footage that captures any portion of the street, sidewalk, or exterior of any premises located within one hundred yards of the subject intersection, for any time between 12:01 a.m. on October 30, 2025, and 11:59 p.m. on November 2, 2025.

b. This request includes all original native digital files and any associated metadata, as well as any copies, compilations, backups, or edited versions of such recordings, whether stored on local servers, cloud storage, mobile devices, external drives, or any other medium maintained or accessed by the City of Ontario, the Ontario Police Department, and/or the County of San Bernardino Sheriff's Department.

## II. ANY CALLS FOR SERVICE RECEIVED BY THE ONTARIO POLICE DEPARTMENT OR THE COUNTY OF SAN BERNARDINO SHERIFF'S DEPARTMENT

Please produce all records reflecting any communications made to, from, or through the Ontario Police Department or the County of San Bernardino Sheriff's Department concerning the incident, including but not limited to:

a. Any calls for service pertaining to the incident, whether received through emergency lines, nonemergency lines, internal communication channels, or third party agencies.
b. Any call logs documenting the date, time, origin, nature, disposition, or responding personnel associated with calls for service related to the incident.
c. Any computer aided dispatch (CAD) logs associated with the incident, including records identifying units assigned, times of dispatch and arrival, locations, disposition codes, narrative entries, and any related metadata.
d. Any audio recordings, transcripts, or summaries of calls for service or dispatch communications related to the incident.
e. Any records showing interagency requests, relays, or communications concerning the incident, including communications with federal agencies such as the Federal Bureau of Investigation, the United States Marshals Service, the Department of Homeland Security, or U.S. Immigration and Customs Enforcement.

f. Any records reflecting subsequent updates, supplemental entries, reclassifications, or amended call dispositions relating to the incident.

## III. EVIDENCE RELATED TO THE LEXUS AT ISSUE

Please produce all records and materials in the possession, custody, or control of any federal, state, or local law enforcement agency relating to the Lexus involved in the incident, including but not limited to:

a. Any photographs, still images, or forensic imaging of the vehicle, its exterior, interior, contents, identifying features, or any damage allegedly sustained
b. Any video recordings depicting the vehicle, including recordings showing seizure, transport, search, inspection, inventory, or storage of the vehicle
c. All chain of custody records, logs, inventory sheets, evidence transfer forms, booking sheets, intake records, storage documentation, and any associated metadata reflecting the handling, transfer, or retention of the vehicle
d. Any communications, whether written, electronic, or recorded, concerning the vehicle, including communications relating to its seizure, transport, storage, search, testing, release, or intended disposition.
e. Any communications with Kruger Tow Inc., located at 17803 South Santa Fe Avenue, East Compton, California 90221, or with any of its affiliates, contractors, agents, or third-party entities involved in the towing, storage, retrieval, transport, inspection, access, or disposition of the vehicle.

## IV. IDENTITIES OF THE WITNESSES WHO OCCUPIED THE HONDA STOPPED BY IMMIGRATION OFFICIALS

Please produce all records identifying the three individuals who are witnesses and who occupied the Honda that was stopped by immigration officials and or federal agents, including but not limited to:

a. All identifying information for the occupants of the Honda, including full legal names, dates of birth, places of birth, residential addresses, alien registration numbers if applicable, government issued identification numbers, and any other identifying details contained in law enforcement, immigration, or detention records.
b. All records reflecting the individuals' current location, status, and circumstances, including records of release, transfer, detention, supervision, removal proceedings, or temporary immigration processing, as well as records identifying the agencies involved in such actions and the dates on which those actions occurred.
c. All records indicating whether the individuals are currently in federal, state, or local custody, including identification of the custodial agency or facility, the legal basis for custody, the date custody commenced, the authority responsible for the

detention, and any associated warrants, detainers, holds, administrative arrest documents, removal orders, or charging instruments.

d. Any documents or materials related to the stop, detention, or interaction, including incident reports, field notes, witness statements, investigative summaries, body worn camera recordings, mobile video audio recordings, patrol vehicle recordings, surveillance footage, dispatch records, audio recordings, transcripts, or any other records created or maintained by law enforcement, immigration agencies, or participating entities.

I request that you immediately make a specific inquiry of (1) each of the various agents involved in this matter, including, but not limited to I.N.S. agents, and (2) the EOIR, with respect to each alleged deportation, and make them aware of these discovery obligations; and (b) ensure that all agents' notes, evidence and all other discovery materials are preserved and produced promptly. *U.S. v. Jackson*, 780 F.2d 1305 (6th Cir. 1986); *U.S. v. Butler*, 567 F.2d 885, 889 (9th Cir. 1978).

As you are aware, the preceding discovery materials are essential for me to evaluate and prepare appropriate dispositive motions regarding the prior alleged deportations, pursuant to, inter alia, *U.S. v. Mendoza-Lopez*, 481 U.S. 828 (1987), and *U.S. v. Proa-Tovar*, 975 F.2d 592, 595 (9th Cir. 1992) (en banc). Accordingly, I am requesting the production of these materials at the earliest possible time.

Please provide all discovery by the date of the post-indictment arraignment (PIA) so that defense will have time to file a discovery motion in advance of trial. Please let me know at your earliest convenience whether the Government will comply with, or object to, these discovery requests, or whether the Government will seek a continuance in order to comply with its discovery obligations.

Thank you in advance for your professional courtesy and cooperation.

Sincerely,

AYAH A. SARSOUR
Deputy Federal Public Defender