# EXHIBIT C

**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION
3801 UNIVERSITY AVENUE, SUITE 700
RIVERSIDE, CALIFORNIA 92501
951-276-6346

**CUAUHTEMOC ORTEGA**
*Federal Public Defender*
**AMY M. KARLIN**
*Chief Deputy*
**C. PAMELA GÓMEZ**
*Capital Habeas Chief*
**LISA LABARRE**
*Los Angeles Trial Chief*

**KELLEY MUNOZ**
*Santa Ana Branch Chief*
**YOUNG J. KIM**
*Riverside Branch Chief*
**MARGARET A. FARRAND**
*Appeals Chief*
**JONATHAN C. AMINOFF**
*Non-Capital Habeas Chief*
**NEHA CHRISTERNA**
*Collaborative Courts Chief*

November 20, 2025

**Via E-mail**
Patrick Kibbe
Assistant U.S. Attorney
312 N. Spring Street, Suite 1200
Los Angeles, CA 90012
Patrick.Kibbe@usdoj.gov

Re: U.S. v. Carlos Jimenez, 5:25-CR-00366-KK
THIRD REQUEST FOR DISCOVERY

Dear Mr. Kibbe:

This letter constitutes a specific request for additional discovery that was not contained in the productions received by defense counsel to date. Defendant requests the following discoverable information. Please consider this request to be a continuing one. *See* Fed.R.Crim.P.16(C). The defense requests production of this material before the start of the scheduled post-indictment arraignment (PIA).

This request is a continuation of our *Henthorn* demand under *United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991) request, and should not be interpreted as limiting or defining the scope of the required *Henthorn* review. Additionally, I request that you personally examine all relevant personnel files for discoverable *Brady* material, pursuant to *Brady* materials. *United States v. Cadet*, 727 F.2d 1453, 1467-68 (9th Cir. 1984).

This request seeks information relating to the following federal officers identified in the charging documents:

1. *Special Agent Elisha Mejia, HSI*
2. *Officer E.O., U.S. Customs and Border Protection, Enforcement and Removal Operations*

3. *Officer N.J., U.S. Customs and Border Protection, Office of Field Operations, alleged victim agent*

Defendant additionally requests full legal names, agency identifiers, and personnel records necessary to locate, subpoena, and investigate these witnesses for trial preparation.

## I. INFORMATION REGARDING SPECIAL AGENT ELISHA MEJIA

A. Full identifying information, including full legal name, badge/ID number, current duty assignment, and contact information for subpoena purposes.

B. All prior or current administrative, internal affairs, or inspector general investigations, including sustained, pending, or unsustained allegations, relating to:

   a. Excessive or unreasonable force.

   b. Dishonesty, including false statements, false reports, perjury, destruction or falsification of evidence.

   c. Misconduct related to arrests, search-and-seizure practices, fabrication of probable cause, or improper field operations.

C. All complaints submitted by civilians, detainees, federal employees, or other law enforcement personnel alleging the above misconduct, regardless of outcome.

D. Reports, notes, memoranda, audio or video recordings, and correspondence relating to Agent Mejia's involvement in the arrest, investigation, statements, interviews, or use of force relating to Mr. Jimenez.

E. Any prior testimony, declarations, or affidavits submitted in judicial proceedings where credibility, accuracy of reporting, or use of force by Agent Mejia was challenged.

F. Any and all Brady/Giglio impeachment evidence maintained in federal, DHS, CBP, ICE, ERO, OFO, OIG, or DOJ databases concerning Agent Mejia.

## II. INFORMATION REGARDING OFFICER E.O.

A. Full identifying information, including full legal name, badge/ID number, official title, unit, and current duty assignment.

B. All records, including IA/OIG files, relating to:

i. Use of force, including brandishing or discharge of a firearm and deployment of O.C. spray in the course of duty.

ii. Dishonesty, including false reports, fabrication of probable cause, perjury, or falsification or destruction of evidence.

iii. Complaints alleging violations of agency use-of-force policy or constitutional violations.

C. Reports, use-of-force reviews, use-of-force reports, use-of-force trainings, firearms discharge investigations, and witness statements relating to the incident at issue, including any post-incident psychological, tactical, or supervisory review.

D. All body-worn camera, vehicle-mounted, pole camera, or surveillance footage documenting Officer E.O.'s interactions or presence at the scene.

E. Prior judicial findings or internal findings relating to misconduct relevant to credibility, excessive force, truthfulness, or bias.

F. Any and all Brady/Giglio impeachment evidence maintained in federal, DHS, CBP, ICE, ERO, OFO, OIG, or DOJ databases concerning Officer E.O.

## III. INFORMATION REGARDING OFFICER N.J. (ALLEGED VICTIM

A. Full legal name, badge/ID number, contact information, and professional assignment, including designation as a federal officer under 18 U.S.C. ¬ß 111.
B. All internal affairs, OIG, civil, administrative, or citizen complaints alleging:
   i. Dishonesty, false reporting, perjury, or concealment of evidence.
   ii. Excessive or unreasonable force.
   iii. Misconduct involving arrests, vehicle stops, use of emergency lights, or operational procedures.
C. All reports, statements, audio recordings, dispatch records, scene investigation documents, case notes, and communications authored or reviewed by Officer N.J. regarding the alleged assault.
D. Reports, use-of-force reviews, use-of-force reports, use-of-force trainings, firearms discharge investigations, and witness statements relating to the incident at issue, including any post-incident psychological, tactical, or supervisory review.
E. All body-worn camera, vehicle-mounted, pole camera, or surveillance footage documenting Officer N.J's interactions or presence at the scene.
F. All Brady and Giglio materials, including any findings or evidence affecting credibility, truthfulness, perception under stress, or forensic reliability.
G. Any and all Brady/Giglio impeachment evidence maintained in federal, DHS, CBP, ICE, ERO, OFO, OIG, or DOJ databases concerning Officer N.J.

## IV. REQUESTS APPLICABLE TO ALL THREE OFFICERS

A. All radio transmissions, dispatch logs, GPS tracking, MDT logs, and real-time communications connected to the enforcement operation on October 30, 2025, in Ontario, California.
B. All surveillance footage, including street, municipal, dashcam, federal fixed-site, or private-entity video obtained by the Government.
C. Full unredacted arrest reports, supplemental reports, witness interviews, and chain-of-custody documents.
D. All exculpatory and impeachment material known to federal agencies that participated in or reviewed the operation, pursuant to Brady, Giglio, and Kyles.

E. Evidence relating to alternative suspects, conflicting narratives, bystander witnesses, inconsistencies among officers, or divergent accounts documented in reports or interviews.

As you are aware, the preceding discovery materials are essential for me to evaluate and prepare appropriate dispositive motions regarding the prior alleged deportations, pursuant to, inter alia, *U.S. v. Mendoza-Lopez*, 481 U.S. 828 (1987), and *U.S. v. Proa-Tovar*, 975 F.2d 592, 595 (9th Cir. 1992) (en banc). Accordingly, I am requesting the production of these materials at the earliest possible time.

Please provide all discovery by the date of the post-indictment arraignment (PIA) so that defense will have time to file a discovery motion in advance of trial. Please let me know at your earliest convenience whether the Government will comply with, or object to, these discovery requests.

Thank you in advance for your professional courtesy and cooperation.

Sincerely,

AYAH A. SARSOUR
Deputy Federal Public Defender