# DECLARATION

I, Elisha Mejia, being duly sworn, declare and state as follows:

## I. PURPOSE OF DECLARATION

1. This declaration is made in support of the government's opposition to defendant Carlos Jimenez's motion to compel, filed on April 9, 2026.

2. I am a Special Agent ("SA") with the Homeland Security Investigations ("HSI") division of U.S. Immigration and Customs Enforcement ("ICE") and have been so employed since 2008. I am currently assigned to the Child Exploitation Investigations Group at the HSI office in Corona, California. Since entering duty with HSI, I have conducted investigations involving Transnational Organized Crime, narcotics, money laundering, Intellectual Property Rights, national security, immigration, and child exploitation. Throughout my career, I have participated in numerous investigations and have conducted or assisted in the arrests of numerous subjects, conducted interviews with victims, witnesses, suspects, and informants. Through my training and experience, I have become familiar with methods used by people who commit offenses involving assault on federal officers.

3. The facts set forth in this declaration are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.

4. Based on my conversations with other law enforcement officers and agents, my review of investigative materials, and my own participation in the investigation, I am aware of the following:

5. On February 10, 2026, I met with border patrol officers S. Cosey and N. Jimenez at the ICE Field Office in San Bernardino, California.

6. On that day, I inquired whether they had messages related to the JIMENEZ incident and they both responded that they did.

7. On that day, I recorded videos of Officer S. Cosey and N. Jimenez's messages, which involve a group text message thread with other officers, as well as other messages related to the incident. Screenshots of the messages were taken from the video and the screenshots/video of the messages were produced in this matter on April 6, 2026.

8. I had also previously recorded and preserved my own messages involving the incident. These involved: (1) the same group text message with other officers from the incident that was produced by Officers N.J. and S. Cosey and (2) a thread from the app Signal involving HSI investigators. Screenshots of the messages were taken from the video and the screenshots/video of the messages were produced in this matter on April 6, 2026.

9. On the same day that I met with officers S. Cosey and N. Jimenez, I also met in person with deportation officer E. Ortiz at the ICE Field Office in San Bernardino, California, who

informed me that he did not have any messages concerning the incident.

10. I requested to review Officer Ortiz's government phone and did so on that same day. I did not locate any text messages about the incident or Jimenez. Officer Jimenez was not a part of the group text thread that I, and CBP agents N. Jimenez and S. Cosey, had been a part of (related to an operation from the prior day that Officer Ortiz was not part of). Specifically, in addition to a general review of messages in his phone, I searched for the term Jimenez and also reviewed all messages from the date of the incident October 30, 2025, and the following date October 31, 2025. Officer Ortiz stated that he did not create a group text chat for the October 30, 2025 operations.

11. On April 14, 2026, I contacted officer Ortiz again. Officer Ortiz confirmed that he did not delete any messages related to the incident or JIMENEZ and does not have a practice of deleting messages on his government phone.

12. Between April 7 and April 15, 2026, I contacted all HSI agents involved in the investigation and confirmed that they did not have any messages related to the incident or JIMENEZ on any personal phone or other non-logistical messages on a government phone that had not yet been produced in this matter. I also contacted the officers S. Cosey, N. Jimenez, and Ortiz and confirmed they had no personal messages on their phones or additional non-logistical messages related to the incident that had not yet been produced.

13. On November 21, 2025, I attended an interview of Officer Ortiz. I am not aware of either him or his counsel requesting that the interview not be recorded.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Loma Linda, California, on the 16 day of April, 2026.

ELISHA S MEJIA Digitally signed by ELISHA S MEJIA Date: 2026.04.16 08:17:26 -07'00'

ELISHA MEJIA,
Special Agent
Homeland Security
Investigations